UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Case No.: 6:10-cr-00073-ACC-DAB

ERIC A. SEIDEN,

    Defendant.
_____/

## MOTION TO DISMISS INDICTMENT

COMES NOW the Defendant, ERIC A. SEIDEN, by and through undersigned counsel, and respectfully requests that this Court enter an order dismissing the indictment for failure to state an offense with sufficient particularity, and in support of the motion states:

1.    The indictment asserts three accusations of conduct allegedly affecting interstate commerce – enticing to produce a visual depiction of sexual activity by a minor (Count 1); transmitting obscene matter to a person under 16 years of age (Count 2); and enticing a minor to engage in unlawful sexual activity.  As to each of the counts, and given the nature of the accusations at issue, the mere tracking of statutory language is insufficient to properly state an offense.  With regard to Count 2, the reference to one photograph of a partial view of a nude body part, is insufficiently particularized to meet the pleading threshold for an obscenity prosecution.  The allegations of the indictment, despite setting forth the statutes involved, fail to satisfy essential requirements for specification of an offense and should be dismissed.  The Fifth Amendment grand jury indictment, due process,

and double jeopardy clauses, the Sixth Amendment guarantees of notice, compulsory process, confrontation, and counsel, and Fed. R. Crim. P. 7 mandate dismissal of the instant indictment.

2. "[M]ere reference to the applicable statute does not cure" a defective indictment. *United States v. Darby*, 37 F.3d 1059, 1062 (4th Cir. 1994); *see also United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (holding that health care fraud indictment was deficient because it failed to adequately allege factual basis for charge).[1] The Federal Rules of Criminal Procedure provide that the indictment must state the "essential facts" and, where known, the means of commission of the offense. Fed. R. Crim. P. 7(c)(1).

3. The indictment in this case fails to comply with these requirements. Although the indictment tracks statutory language, it fails to satisfy the guarantees of specific notice of both the conduct and its criminality, without which the defendant can neither defend, nor

---

[1] The Supreme Court has long made clear that the Fifth Amendment indictment clause goes beyond mere statutory elements and includes the key identifying facts of the offense that distinguish one violation of a statute from another. *See United States v. Hess*, 124 U.S. 483, 487 (1888) ("Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged."); *Stirone v. United States*, 361 U.S. 212, 218-19 (1960) (indictment may not be altered to identify steel rather than sand as industry interfered with in Hobbs Act offense; "The right to have the grand jury make the charge on its own judgment is a substantial right which cannot be taken away with or without court amendment. . . . [W]e cannot know whether the grand jury would have included in its indictment a charge that commerce in steel . . . had been interfered with."); *Hamling v. United States*, 418 U.S. 87, 117-18 (1974) ( underlying facts, not legal terms, are essential to indictment).

confront, nor utilize compulsory process, nor have the effective assistance of counsel, nor plead a double jeopardy bar to simultaneous or successive prosecution.

4. Apart from the specific direction of Fed. R. Crim. P. 7(c)(1) that the "essential facts" be incorporated in the charge, the Supreme Court has recognized that the constitutional "principles of fundamental fairness retain their full vitality under modern concepts of pleading, and specifically under rule 7(c) of the Federal Rules of Criminal Procedure." *Russell v. United States*, 369 U.S. 749, 765-766, 82 S.Ct. 1038, 1048 (1962). In *Russell*, the Supreme Court held that any facts with bearing on the "very core of criminality" under the charged statute – facts upon which "guilt so depends" – must be specifically alleged in the indictment to comply with the Fifth and Sixth Amendments. 369 U.S. at 764, 82 S.Ct. at 1047. A criminal defendant has a constitutional right to "present a defense," *Holmes v. South Carolina*, 547 U.S. 319, 326, 126 S. Ct. 1727, 1732 (2006); *United States v. Scheffer*, 523 U.S. 303, 308, 118 S.Ct. 1261, 1264 (1998); *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038 (1973), and to confront one's accuser. *See Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004). Likewise the right to compulsory process for witnesses is infringed by an indictment that fails to reveal the true nature of the charge. The Supreme Court has stated that the Compulsory Process Clause affords a criminal defendant two protections: (1) the right to compel "favorable" and "material" witnesses at trial, i.e., the subpoena power; and (2) the right to "have the witness' testimony heard by the trier of fact," i.e., to "put before a

jury evidence that might influence the determination of guilt." *Taylor v. Illinois*, 484 U.S. 400, 408-09, 108 S.Ct. 646, 652-53 (1988) (citation and internal quotation marks omitted).

5. With regard to Count 1, the indictment fails to specify what form of visual depiction is at issue or whether it meets the statutory definition. Nor does the indictment relate the sexual conduct at issue; instead, it would allow the defendant to be convicted based a mere vague or speculative intention to depict an interaction that may or may not have ultimately met the statutory threshold. By diverting from the statutory requirement of specifically barred forms of contact and depiction, the indictment as formulated expands the scope of potential criminal liability beyond the intention of the statute and leaves the defendant incapable of fully preparing his defense.

6. With regard to Count 2, the indictment makes reference to an "image" of a man "exposing" his penis. On its face, the allegation fails to satisfy the multi-part test for obscenity under federal constitutional limitations. Nor does the indictment allege in what manner or form such an "image" is obscene other than the element of partial nudity. The indictment alleges no context, no surrounding images, no indication of whether the image is a representation or a true photographic reproduction, no basis from which it could be determined that the alleged image satisfies the strict limitations set by the United States Supreme Court.

7. The indefiniteness and inadequacy of the allegations of Count 2 are particularly significant in that the issue impacts upon the core concerns of the First Amendment. Equally

4

importantly, because the transmission at issue appears to be one effected by use of the Internet, the implications of using imprecise references to images of partial nudity as a basis for federal prosecution has repercussions for other visual transmissions that at most implicate borderline obscenity issues. *See Reno v. American Civil Liberties Union*, 521 U.S. 844 (1997).

8. Further, the application of obscenity statutes in this context – as to an "image" of partial nudity – so intrudes on the protected scope of speech in the 21st century that application of the obscenity statutes in this context violates the First and Fifth Amendments, creating a chilling effect on speech. Congress has given the federal government the explicit ability to forum shop in obscenity cases. *See United States v. Mohney*, 476 F.Supp. 421, 425 (D. Haw. 1979). Pursuant to amendments made to the federal obscenity statutes in 1958, venue lies in either the district from which the allegedly obscene material was sent or to which it was mailed. *See* 18 U.S.C. § 3237; 104 Congressional Record 8043-8044 (1958). Underlying this provision is the recognition that, in a typical obscenity case in which material is distributed through the postal service or other common carrier, the distributor has knowledge of, and purposefully directs the material to, a particular geographic location. *See*, *e.g.*, *United States v. Slepicoff*, 524 F.2d 1244, 1249 (5th Cir. 1975) (finding that a defendant's choice to do business in a particular district subjects him to prosecution for distributing obscenity there). There has been a similar use of analogous statutes to prosecute "sexting," or the sending of personal images by persons to one another. But in that context,

a different level of protection is afforded to images of minors, a matter not at issue here. Instead, the material at issue must be capable of being non-arbitrarily judged obscene under the multi-part test within the general terms of Internet transmission as used in the indictment. An image of partial nudity simply does not meet that test.

9. The Supreme Court's most recent ruling on the definition of obscenity came over three decades ago in *Miller v. California*, 413 U.S. 15 (1973). Under *Miller*, a particular work can only be declared obscene, and therefore devoid of First Amendment protection, in the narrow circumstance where: 1) the average person, applying contemporary community standards, would find that the work, taken as a whole, appeals to the prurient interest, which is generally defined as a morbid or shameful interest in sex; 2) the work depicts or describes, in a patently offensive way, sexual conduct as specifically defined by the applicable state law; and 3) the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. *Miller*, 413 U.S. at 24. One image of partial nudity fails this test categorically as alleged in this case.

10. As to Count 3 of the indictment, the allegations are facially insufficient where there is neither a specification of conduct that would constitute a violation the listed Florida statute (Fla. Stat. § 800.04), nor a reference to a specific subsection of § 800.04 that would have been violated. Nor does the indictment link any purported enticement to any specific intended conduct, as opposed to a mere potential range of conduct, some of which might or might not fall within the scope of § 800.04.

11. The Florida Statute on which Count 3 is premised concerns such a wide range of conduct, and clearly not all of it falls within the scope of the federal statutory proscription of having a minor undertake sexually explicit actions. To the extent Count 3 is deemed limited to lewd and lascivious battery only, the corresponding provision under § 800.04(4)(b) applies not to actual commission of sexual activity but to one who "Encourages, forces, or entices any person less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality, prostitution, or any other act involving sexual activity." Thus, in effect, Count 3 charges the defendant with enticing a minor to engage in enticement, clearly a confounded construction of the statute that would allow for conviction on a basis not provided for under federal law.

12. As each of the counts of the indictment, apart from facial deficiencies warranting dismissal, at a minimum further particularization is required so as to protect the defendant from potential double jeopardy in violation of the Fifth Amendment.

## CERTIFICATION

Undersigned counsel has consulted with Assistant United States Attorney Carlos Perez-Irizarry. Counsel for the government objects to the relief sought by this motion.

WHEREFORE, the Defendant respectfully requests that the Court grant his motion to dismiss the indictment in this case and alternatively moves for further particularization of the accusations.

Respectfully submitted,


  *s/ Mark Seiden*
MARK SEIDEN, ESQ.
Florida Bar No. 361070
Law Offices of Mark Seiden, P.A.
777 Brickell Avenue, Suite 400
Miami, Florida 33131
Email: markseidenpa@markseidenlaw.com
Tel.  (305) 577-4981
Fax   (305) 577-8376

ROBERT ALAN LEVENTHAL, ESQ.
Leventhal & Slaughter, PA
Florida Bar No. 119610
111 N. Orange Ave., Suite 700
Orlando, Florida 32801
E-mail: bob@leventhal-slaughter.com
Tel: (407) 849-6161
Fax  (407) 843-3738

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this   11th   day of June 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following:

**Carlos A. Perez-Irizarry**
United States Attorney's Office
501 W Church Street, Suite 300
Orlando, FL 32805
Tel:  (407) 648-7500
Fax: (407) 648-7643
Email: carlos.perez5@usdoj.gov

  *s/ Mark Seiden*
 MARK SEIDEN, ESQ.