UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

    v.                            Case No.: 6:10-cr-00073-ACC-DAB

ERIC A. SEIDEN,

       Defendant.

_____/

## MOTION TO SUPPRESS FRUITS OF GENERAL SEARCH WARRANTS, REQUEST FOR *FRANKS* HEARING, AND MEMORANDUM OF LAW

COMES NOW the Defendant, ERIC A. SEIDEN, by and through undersigned counsel, and respectfully requests that this Court enter an order directing the suppression of all fruits of search warrants issued by the Brevard County Circuit Court on August 3, 2009 where the warrants far exceeded the scope of any probable cause and purported to authorize the general search and seizure of the defendant's electronic correspondence and other electronic files and databases and where false or misleading information or omissions in warrant application undermined the basis for the search, and in support of the motion states:

1.      On August 3, 2009, Brevard County Circuit Judge John M. Harris granted the application of the Brevard County Sheriff's Office for a search of private computer files records pertaining to the defendant. Although the warrant application mentioned only a single set of interactions between the defendant and the alleged victim in this case over a narrow time frame, the warrant sought and issued extended to:

1.  Any and all Yahoo! accounts for Eric Albert Seiden or for Yahoo!, Yahoo Mail darsys@Yahoo.com and Yahoo! Messenger ID Eric Seiden, to include all subscriber information, such as name and address, date account created, account status, Yahoo! email address, alternate e-mail address, Yahoo! Messenger account information, friends and or buddy list, registration from IP, date ID registered, IF' history and last known IP addresses.

2.  The contents of any and all e-mails stored in darsys@yahoo.com Yahoo! account.

3.  Any and all contents of electronic files that the subscriber has stored in the subscriber's Photos and Briefcase areas of Eric Seiden or darsys@yahoo.com.

4.  Any and all Yahoo! IDs listed on the subscriber's (Eric Seiden or darsys) Friends list and current friends.

5.  Available to date Yahoo! Messenger and Chat log-ins for Eric Seiden or darsys, when users logged in to either Chat or Messenger, what IP address was being used at the time, and with whom they communicated.

2.  On the same date, an identically worded warrant was issued by the Circuit Court Judge for the equivalent files from America On-Line (AOL). A copy of both warrants is attached to this motion as an appendix.

3.  With regard to the general nature of the search warrants, the scope of the warrants issued was wholly untethered to the limited one-time interaction between defendant and alleged victim asserted in the warrant application and amounted to a general rummaging through, and seizure authorization for, correspondence, thoughts, and data of any kind. The search warrants were so plainly overbroad as to render them general search warrants as to which the fruits must be suppressed.

4.     Further, as part of the warrant application, a Brevard Sheriff's Deputy related an untrue version of events that the deputy knew or had good reason to believe was untrue, in order to enhance the credibility of the sources on which the deputy relied and to cover up an agreement among certain sources to relate a false accusation of physical assault by the defendant. Specifically, the deputy related source information, that he did not believe, to the effect that the defendant had tried to physically assault a member of the alleged victim's family. Even though the deputy knew or reasonably believed that this false accusation of criminal conduct by the defendant was the product of a concerted effort by the sources, the deputy chose to include these allegations in the warrant application. Specifically, the deputy did not believe – and likely related to other officers his disbelief – that the defendant sought to physically assault the alleged victim's father, yet the deputy did not relate his disbelief of such a criminal accusation or circumstances warranting the disbelief.

## MEMORANDUM OF LAW

As Justice Scalia explained in writing for the Supreme Court in *Virginia v. Moore*, 128 S.Ct. 1598, 1603 (2008): "The immediate object of the Fourth Amendment was to prohibit the general warrants and writs of assistance that English judges had employed against the colonists, *Boyd v. United States*, 116 U.S. 616, 624-627, 6 S.Ct. 524, ... (1886); *Payton v. New York*, 445 U.S. 573, 583-584, 100 S.Ct. 1371 ... (1980)." *See id*. ("That suggests, if anything, that founding-era citizens were skeptical of using the rules for search and seizure set by government actors as the index of reasonableness."); *Stanford v. Texas*,

379 U.S. 476, 481, 85 S.Ct. 506, 510 (1965) (general exploratory warrants were "[v]ivid in the memory of the newly independent Americans"); *cf. Connor v. Picard*, 434 F.2d 673 (1st Cir. 1970) (failure to name individual subjects was "comparable to the detested pre-Revolutionary general warrant").

The general warrant – authorizing police officers to rummage through private effects, papers, and personal information – is prohibited by the Fourth Amendment's command that "no Warrants shall issue [unless] particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV; *see Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038 (1971) (plurality). In order to prevent a "wide-ranging exploratory search," *Maryland v. Garrison*, 480 U.S. 79, 84, 107 S.Ct. 1013, 1016 (1987), the warrant must enable the executing officer to ascertain and identify with reasonable certainty those items that the ***magistrate*** has authorized for seizure on the basis of probable cause. *See Steele v. United States*, 267 U.S. 498, 503, 45 S.Ct. 414, 416 (1925).

For several reasons, the warrant executed in this case was a general warrant for which the probable cause connection between the items to be seized under the warrant application and the standards for determination of what records would be determined to meet the test for seizure were left wholly undefined, such that the resulting search was unbounded and general, invading not only the records, thoughts, and papers of the defendant himself, but also the protected privacy interests of those who had entrusted the defendant with their communications.

Without any specification of data to be searched or any meaningful limitation on the authority of the searching agents, the warrant delegated to the searching agents the function to be fulfilled by a neutral magistrate. *See*, *generally*, *Lo-Ji Sales, Inc., v. New York*, 442 U.S. 319, 326-27, 99 S.Ct. 2319, 2324 (1979) (search warrant invalid where issuing state judge "did not manifest that neutrality and detachment demanded by a judicial officer when presented with a warrant application for a search and seizure" but engaged in a more investigatory function; "We need not question the subjective belief of the Town Justice in the propriety of his actions, but the objective facts of record manifest an erosion of whatever neutral and detached posture existed at the outset." Without any probable cause to look for anything not having to do with the alleged victim or to look through or seize whole databases, the warrant's direction for seizure of electronic records without any time or scope limitation rendered it a general warrant going to the most private and personal papers, thus affecting the core concern of the Fourth Amendment. That the search was largely off-site and indefinite, with extended review of computer records, presents additional concerns as to the absence of any meaningful limitation in the warrant. *See United States v. Comprehensive Drug Testing, Inc.*, 579 F.3d 989, 1006 (9th Cir. 2009) (*en banc*) (recognizing that "over-seizing is an inherent part of the electronic search process;" "This calls for greater vigilance on the part of judicial officers in striking the right balance between the government's interest in law enforcement and the right of individuals to be free from unreasonable searches and seizures. The process of segregating electronic data that is

seizable from that which is not must not become a vehicle for the government to gain access to data which it has no probable cause to collect.").

"The Supreme Court has never abrogated the requirement of a specific warrant." *Buonocore v. Harris*, 65 F.3d 347 356 (4th Cir. 1995). To prevent a general rummaging through a person's personal belongings, a search warrant should remove "from the officer executing the warrant all discretion as to what is to be seized." *United States v. Torch*, 609 F.2d 1088, 1089 (4th Cir.1979).

Because the warrant in this case allowed a search for matters having no viable link to the sources on whom the affiant relied, and because there was no specificity despite the apparent capacity of the sources to give specific information, the warrant was general in nature and the fruits of the search should be suppressed. *See United States v. Pratt*, 438 F.3d 1264 (11th Cir. 2006) ("[A] supporting affidavit, no matter how perfect, cannot save a 'facially defective' warrant"); *United States v. Squillacote*, 221 F.3d 542, 556 (4th Cir. 2000) (recognizing that "blanket suppression of all evidence seized" is appropriate where the Fourth Amendment violation is an impermissible general search).

Apart from the inherently defective nature of the general warrant in this case, suppression is also warranted where the affiant allowed to communication to the issuing judge of a claim that the deputy knew and reasonably believed to be false, i.e., that the defendant sought to assault the victim's father. By including this false claim in the affidavit, along with the false corroborative witness information, the affiant allowed the quest for the

warrant to overtake the responsibility to insure that false and malicious allegations not be made part of the warrant application. Therefore, the defendant requests an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

<u>CERTIFICATION</u>

Undersigned counsel has consulted with Assistant United States Attorney Carlos Perez-Irizarry. Counsel for the government objects to the relief sought by this motion.

WHEREFORE, the Defendant respectfully requests that the Court grant his motion to suppress the fruits of the general warrants in this case and his request for a *Franks* hearing.

Respectfully submitted,

*s/ Mark Seiden*
MARK SEIDEN, ESQ.
Florida Bar No. 361070
Law Offices of Mark Seiden, P.A.
777 Brickell Avenue, Suite 400
Miami, Florida 33131
Email: markseidenpa@markseidenlaw.com
Tel. (305) 577-4981
Fax (305) 577-8376

ROBERT ALAN LEVENTHAL, ESQ.
Leventhal & Slaughter, PA
Florida Bar No. 119610
111 N. Orange Ave., Suite 700
Orlando, Florida 32801
E-mail: bob@leventhal-slaughter.com
Tel: (407) 849-6161
Fax (407) 843-3738

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this ___11th___ day of June 2010, I electronically filed

the foregoing with the Clerk of the Court by using the CM/ECF system which will send

notice of electronic filing to the following:

**Carlos A. Perez-Irizarry**
United States Attorney's Office
501 W Church Street, Suite 300
Orlando, FL 32805
Tel:  (407) 648-7500
Fax: (407) 648-7643
Email: carlos.perez5@usdoj.gov

_s/ Mark Seiden_
MARK SEIDEN, ESQ.