UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                         Case No.: 6:10-cr-00073-ACC-DAB

ERIC A. SEIDEN,

      Defendant.
_____/

**MOTION *IN LIMINE* TO EXCLUDED RECORDED CALLS**

COMES NOW the Defendant, ERIC A. SEIDEN, through undersigned counsel and pursuant to 18 U.S.C. § 3501, Fed. R. Evid. 403 & 801, and U.S. Const., amend. VI, and respectfully requests that this Court enter an order excluding or suppressing evidence consisting of recorded telephone calls between the defendant and representatives of the alleged victim where the defendant's participation in the calls was involuntary (following a physical assault of the defendant by the caller) and where the content and purpose of large portions of the calls was to assert accusations against the defendant. In support of the motion, the defendant states:

1.       The government acknowledges that after physically assaulting the defendant, the alleged victim's father caused the defendant to participate in telephone conversations in which the father made accusations of criminal activity, ostensibly for the purpose of causing the defendant admit commission of an offense. Admission of such essentially testimonial statements by the father on an undercover tape-recording would violate the rule against

hearsay and potentially violate the Confrontation Clause. The Court should therefore exclude the contents of the tapes.

2. To the extent the defendant's participation in the conversations was the result of a fear of retaliation, physically or otherwise, its use in support of the government's case violated public policy. *See* 18 U.S.C. § 3501 (requiring preliminary trial court determination of voluntariness and related issues concerning the admission of a proffered confession). If instead the defendant's participation were not involuntary, the accusatory components of the tapes would simply allow a neat condensation of the government's case to go back to the jury room in violation of Eleventh Circuit precedent. *See United States v. Pendas-Martinez*, 845 F.2d 938 (11th Cir. 1988). In *Pendas-Martinez*, the Eleventh Circuit established as a rule of *per se* error that admission and submission to the jury of neat summaries of government testimony is a plain violation of the hearsay rule, compelling reversal of a conviction.

3. In *Pendas-Martinez*, the Court adhered to the well-established principle that the defendant is doubly prejudiced where the equivalent of an un-cross-examined transcript of the police view of the evidence accompanies the jury into the deliberation room. *Id*. at 941 ("It is an abuse of discretion, however, to admit into evidence and send to the jury room government agent case summaries which constitute a written summary of the government's theory of the case."; explaining that "when 'the government's witnesses in effect accompanied the jury to the jury room,' the error is not harmless') (quoting *United States v. Brown*, 451 F.2d 1231 (5th Cir.1971)). Where an actual transcript of the audio provided to

the jury, the prejudice is increased. *Cf. United States v. Sorondo*, 845 F.2d 945, 949 (11th Cir. 1988) ("[A] trial judge must be sensitive to the jury's temptation to allow the judgment of another authority to substitute for its own. Thus, a trial judge is required scrupulously to avoid expressing or implying his or her own opinion on the merits of the case or the weight of particular evidence, lest the jury substitute the trial judge's opinion for its own. *See United States v. Cox*, 664 F.2d 257, 259 (11th Cir.1981). Similarly, the judge must protect against the danger that a jury will accept the judgment of an expert in place of its own.").

4. Notwithstanding that such recordings may be made with an eye toward having a defendant confess, the use of such out-of-court accusations – particularly those that as in this case imply hearsay bolstering of the alleged victim – represent a violation of the rule in *Pendas-Martinez* and should be excluded. Further, apart from the question of admissibility or all or a portion of such recordings, the recordings should be excluded under Fed. R. Evid. 403 where their admission will unduly prejudice the defendant through exposure to the emotional accusations of a parent of an alleged minor victim. Such material will likely cause a visceral reaction apart from any evidentiary weight, particularly in light of the ambiguity of the content of the recordings. Hence, under any view of the evidence or the circumstances of the making and obtaining of the recordings, the evidence should be suppressed.

## CERTIFICATION

Undersigned counsel has consulted with Assistant United States Attorney Carlos Perez-Irizarry. Counsel for the government objects to the relief sought by this motion.

WHEREFORE, the Defendant respectfully requests that the Court grant his motion to exclude or suppress nonconsensual undercover recordings.

Respectfully submitted,

*s/ Mark Seiden*
MARK SEIDEN, ESQ.
Florida Bar No. 361070
Law Offices of Mark Seiden, P.A.
777 Brickell Avenue, Suite 400
Miami, Florida 33131
Email: markseidenpa@markseidenlaw.com
Tel. (305) 577-4981
Fax (305) 577-8376

ROBERT ALAN LEVENTHAL, ESQ.
Leventhal & Slaughter, PA
Florida Bar No. 119610
111 N. Orange Ave., Suite 700
Orlando, Florida 32801
E-mail: bob@leventhal-slaughter.com
Tel: (407) 849-6161
Fax (407) 843-3738

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this __11th__ day of June 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following:

**Carlos A. Perez-Irizarry**
United States Attorney's Office
501 W Church Street, Suite 300
Orlando, FL 32805
Tel: (407) 648-7500
Fax: (407) 648-7643
Email: carlos.perez5@usdoj.gov

                                            *s/ Mark Seiden*
                                            MARK SEIDEN, ESQ.