UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 6:10-cr-73-Orl-22-DAB

ERIC SEIDEN

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, and the defendant, ERIC SEIDEN, and the attorney for the defendant, Mark Seiden, Esq., mutually agree as follows:

A. **Particularized Terms**

1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Count Three of the Indictment. Count Three charges the defendant with using the Internet, a facility of interstate commerce to entice a minor who had not attained the age of 18 years to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).

2. Minimum and Maximum Penalties

Count Three is punishable by a mandatory minimum term of imprisonment of Ten years up to life imprisonment, a fine of $250,000.00, a term of supervised release of at least Five years up to life, and a special assessment of $100 per felony count; said special assessment to be due on the date of sentencing. With

respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count Three are:

First: That the Defendant knowingly used a computer and the internet to attempt to persuade, induce, entice, or coerce an individual under the age of eighteen (18) to engage in sexual activity, as charged;

Second: That the Defendant believed that such individual was less than eighteen (18) years of age;

Third: That if the sexual activity had occurred, the Defendant could have been charged with a criminal offense under the law of Florida; and

Fourth: That the Defendant acted knowingly and willfully.

4. Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts One and Two, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the

time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. §§ 3663A(a) and (b), defendant agrees to make full restitution to the minor victim of Count Three of the Indictment.

7. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §2428, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(3), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a

consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

9. <u>Sex Offender Registration and Notification</u>

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B. Standard Terms and Conditions**

1. <u>Restitution, Special Assessment and Fine</u>

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to

18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement,

an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4 Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5 Defendant's Waiver of Right to Appeal and Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of

certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

FACTS

From on or about September 2008 to on or about June 19, 2009, defendant **ERIC SEIDEN** used a facility and means of interstate commerce, namely, the Internet, to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in a sexual activity for which any person could be charged with a criminal offense under Florida law, namely, Lewd or Lascivious Battery, a violation of Florida Statutes (Fla. Stat.) § 800.04.

On or about September 2008, a minor victim who was less than 16 years old contacted **SEIDEN** via the Internet, and they began an on-line relationship until July of 2009. The on-line contacts included conversations regarding sex and meeting in person. In those conversations, **SEIDEN** often requested the minor victim to send images of the minor victim to **SEIDEN**. In response to those repeated requests and solicitations, the minor victim produced child pornography (as that term is defined in 18 U.S.C. § 2256) and sent it to **SEIDEN** by use of a facility and means of interstate commerce, namely, the Internet. In particular, the minor victim sent **SEIDEN** an e-mail

on February 1, 2009 containing an image of the minor victim's erect penis. The title of the e-mail was, "enjoy the cum." **SEIDEN** sent images to the minor victim of himself, including an image of **SEIDEN's** erect penis after ejaculation that **SEIDEN** sent to the minor victim on February 1, 2009.

**SEIDEN's** goal in communicating with the minor victim over the Internet was to persuade, induce, and entice that minor victim (who at all times relevant to this case was under the age of 16 years) to engage in sexual activity with **SEIDEN**. In early June 2009, the minor advised **SEIDEN** via the Internet that his parents were going to be out of town. **SEIDEN** suggested that they meet.

The following summarizes some of the communications between **SEIDEN** and the minor victim prior to their encounter:

> On 06/11/09, **SEIDEN** emailed the minor victim and told him 'I will sleep with you whenever you want."
>
> On 06/12/09, **SEIDEN** emailed the minor victim and told him "I am happy you slept. I'd be happier if I was in bed with you all curled together in a warm little ball."
>
> On 06/19/09 **SEIDEN** wrote an email and told the minor victim that he is growing nervous, that he was happy to do this, and that he has never wanted to meet someone so bad in his entire life. **SEIDEN** also wrote that he was bring a baseball hat for the minor victim to wear when he got out of **SEIDEN**'s car to go into the hotel. **SEIDEN** wrote this would be to obscure the minor victim's head and face.
>
> On 06/19/09, the minor victim received another email from **SEIDEN** in which he explained his plans on driving to meet him.
>
> On 06/19/09, **SEIDEN** wrote the minor victim and told him: "It's fucking awesome. However from a practical standpoint, I don't feel that way but if you ask 500 people if me running off to meet you was smart, they'd all call me stupid."

> On 06/19/09, **SEIDEN** wrote the minor victim and stated as for tomorrow coming, maybe it'll be better if you're "cumming" tomorrow. He also talked about how much he loved the minor victim.

On June 19, 2009, the victim minor told **SEIDEN** that he would meet with him. **SEIDEN** drove from South Florida and checked in at the Hampton Inn Hotel in Melbourne, in Brevard County in the Middle District of Florida. This is confirmed by hotel video surveillance. On June 20, 2009, **SEIDEN** picked the minor victim near his residence, and they drove to the Hampton Inn, in Melbourne, Florida. Hotel video surveillance shows **SEIDEN** and the minor victim entering the lobby that after 5:00 a.m. and **SEIDEN** leaving the hotel at approximately 8:26 a.m.

While in the room, **SEIDEN** and the minor victim engaged in sexual conduct which included oral sex and anal digital penetration. By engaging in those acts, **SEIDEN**, could be charged with a criminal violation of Lewd and Lascivious Battery in violation of Fla. Stat. § 800.04.

After the hotel encounter described above, **SEIDEN** sent e-mails to the minor victim. The following is a summary of some of those e-mails:

> On 06/20/09 **SEIDEN** sent the minor victim an email in which **SEIDEN** outlined his meeting with the minor victim, how he could not sleep waiting to meet the minor victim, and how the minor victim called him at 2:35 a.m. to come and pick him up. **SEIDEN** wrote about how awkward it was when they first got to the hotel, taking the photographs, which were g-rated, how it felt to kiss and how he was not going to share anything else about the trip. **SEIDEN** then wrote how much he loved the minor victim.
>
> On 06/21/09, **SEIDEN** wrote the minor victim and told him that he was staring at the minor victim's photo that he took in the hotel room and wondering how he got so lucky to have someone like the minor victim in his life.

On 06/30/09, **SEIDEN** wrote the minor victim an email in which **SEIDEN** told the minor victim "I think it's nice you're playing with your Wii. I like playing with your Wii better. Your Wii was absolutely suckable. Or maybe we're not talking about the same thing? I love you."

On 07/08/09, email from **SEIDEN** to the minor victim where the two talked about sausage. **SEIDEN** stated he needed food, to which the minor victim replied "sorry don't have any food other than sausage." **SEIDEN** replied "I'll take that sausage." **SEIDEN** stated "feed me your sausage! Its mine!!!"

10. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 29 day of July, 2010.

A. BRIAN ALBRITTON
United States Attorney

ERIC SEIDEN
Defendant

By: Carlos A.Perez-Irizarry
Assistant United States Attorney

Mark Seiden, Esq.
Attorney for Defendant

Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division