```
 1                  UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
 2                         ORLANDO DIVISION

 3                    Docket No. 6:10-cr-73

 4   . . . . . . . . . . . . . . .
     UNITED STATES OF AMERICA     :
 5                                :         Orlando, Florida
             Plaintiff            :         August 18, 2010
 6                                :         9:15 a.m.
                  v.              :
 7                                :
     ERIC ALBERT SEIDEN           :
 8                                :
            Defendant             :
 9   . . . . . . . . . . . . . . .

10

11                TRANSCRIPT OF CHANGE OF PLEA
            BEFORE THE HONORABLE ANNE C. CONWAY
12                UNITED STATES DISTRICT JUDGE

13

14   APPEARANCES:

15

16   For the Plaintiff:  Carlos Perez

17

18   For the Defendant:  Mark Seiden

19

20
     Court Reporter:       Sandra K. Tremel, RMR/CRR
21                         407-245-3110

22

23

24   Proceedings recorded by mechanical stenography, transcript

25   produced by computer-aided transcription.
```

P R O C E E D I N G S

1

2  THE COURT:  Case number 2010-73, United States

3  v. Eric Seiden.

4  MR. PEREZ:  Good morning.  Carlos Perez for the

5  United States standing in for Assistant United States

6  Attorney Carlos Perez.

7  MR. SEIDEN:  Good morning.  Mark Seiden on

8  behalf of Eric Seiden who is present before the Court to

9  my left.  Your Honor, this will be a change of plea.

10  THE COURT:  All right.  Would you swear the

11  defendant, please.

12  (Defendant sworn)

13  THE DEFENDANT:  I do.

14  THE COURT:  All right.  Mr. Seiden, you're still

15  under oath -- you are under oath and any answers to my

16  questions if not completely truthful could subject you to

17  further prosecution for perjury or false statement.  Do

18  you understand that?

19  THE DEFENDANT:  Yes, Your Honor.

20  THE COURT:  If you wish to speak to your

21  attorney outside my hearing, tell me.  You will be given

22  an opportunity to do that.

23  If you don't understand something, please tell me.

24  It's very important you understand what we're doing here

25  this morning.

1          What is your age?

2                THE DEFENDANT:  I'm 44, Your Honor.

3                THE COURT:  And your educational background?

4                THE DEFENDANT:  I graduated from University of

5     Miami with a Bachelor's.

6                THE COURT:  And what's your usual occupation?

7                THE DEFENDANT:  I am the vice president of

8     Interstate Screw Corp for Hialeah, Florida.

9                THE COURT:  How's your health?

10               THE DEFENDANT:  Fair.

11               THE COURT:  Do you have any trouble speaking,

12    reading or understanding English?

13               THE DEFENDANT:  No, Your Honor.

14               THE COURT:  Have you ever been under the care of

15    a psychiatrist or a psychologist?

16               THE DEFENDANT:  Yes, Your Honor.

17               THE COURT:  Tell me about that.

18               THE DEFENDANT:  When I had a breakup with my

19    girlfriend a couple years ago I saw one, and also

20    currently to deal with the stress of all this.

21               THE COURT:  All right.  Has your mental

22    competency ever been questioned or challenged?

23               THE DEFENDANT:  No, Your Honor.

24               THE COURT:  Have you ever been addicted to

25    drugs, alcohol or medication of any kind?

```
 1              THE DEFENDANT:  No, Your Honor.

 2              THE COURT:  Have you taken any drugs, alcohol or

 3   medication in the past 48 hours?

 4              THE DEFENDANT:  I have taken my prescriptions in

 5   the past 48 hours.

 6              THE COURT:  Okay.  What prescriptions have you

 7   taken?

 8              THE DEFENDANT:  Atenolol, Lexapro, Capadex, and

 9   Clonopin.

10              THE COURT:  Okay.  What do you take those for?

11              THE DEFENDANT:  Atenolol is for my heart

12   condition; Capadex is for acid reflux, and the other two

13   are anti-depressant and antianxiety drugs.

14              THE COURT:  Do any of those medications affect

15   your ability to think or concentrate?

16              THE DEFENDANT:  Not substantially, Your Honor.

17              THE COURT:  All right.  Are you under the

18   influence of anything right now that is interfering with

19   your ability to think or concentrate?

20              THE DEFENDANT:  No, Your Honor.

21              THE COURT:  Have you understood my questions so

22   far?

23              THE DEFENDANT:  Yes, Your Honor.

24              THE COURT:  Have you been able to communicate

25   with your attorney this morning?
```

1            THE DEFENDANT:  Yes, Your Honor.

2            THE COURT:  Do you feel that you're clear

3    minded?

4            THE DEFENDANT:  Yes, Your Honor.

5            THE COURT:  Do you understand what it is we're

6    doing here today?

7            THE DEFENDANT:  Yes, Your Honor.

8            THE COURT:  Have you read the indictment that

9    was filed against you?

10           THE DEFENDANT:  Yes, Your Honor.

11           THE COURT:  And have you discussed this

12   indictment with your attorney?

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  I understand that you are pleading

15   to count three which charges you with using the Internet,

16   a facility of interstate commerce, to entice a minor who

17   had not attained the age 18 years to engage in sexual

18   activity in violation of 18 U.S.C. Section 2422 (b).

19           THE DEFENDANT:  Yes, Your Honor.

20           THE COURT:  Before you could be found guilty of

21   that charge, the government would have to prove beyond a

22   reasonable doubt the following four elements:

23       First, that you knowingly used a computer and the

24   Internet to attempt to persuade, induce, entice or coerce

25   an individual under the age of 18 to engage in sexual

1  activity as charged.

2       Second, that you believed that such individual was

3  less than 18 years of age.

4       Third, that if the sexual activity had occurred, that

5  you would have been charged -- you could have been charged

6  with a criminal offense under the law of Florida.

7       And fourth, that you acted knowingly and willfully.

8       Do you understand that?

9            THE DEFENDANT:  Yes, Your Honor.

10           THE COURT:  Do you have any questions about the

11  charges or what the government would have to prove against

12  you?

13           THE DEFENDANT:  No, Your Honor.

14           THE COURT:  Do you wish me to read the

15  indictment to you this morning or do you waive that?

16           THE DEFENDANT:  I waive that, Your Honor.

17           THE COURT:  Do you feel that you have had enough

18  time to discuss these charges with your attorney?

19           THE DEFENDANT:  Yes, Your Honor.

20           THE COURT:  Are you satisfied with your

21  attorney's services?

22           THE DEFENDANT:  Yes.

23           THE COURT:  Is there any question as to the

24  competency of the defendant to plead guilty?

25           MR. PEREZ:  No, Your Honor?

```
1            THE COURT:  Counsel?

2            MR. SEIDEN:  No, Your Honor.

3            THE COURT:  I find you competent to enter a plea

4  of guilty to this charge if you wish to do so.

5       Has anyone done anything that you consider to be

6  wrong or unfair to get you to plead guilty?

7            THE DEFENDANT:  No, Your Honor.

8            THE COURT:  Have there been any threats or

9  coercion or improper pressure of any kind to get you to

10 plead guilty?

11           THE DEFENDANT:  No, Your Honor.

12           THE COURT:  Do you want to plead guilty to this

13 charge because you are guilty or is there some other

14 reason for your plea?

15           THE DEFENDANT:  I am guilty, Your Honor.

16           THE COURT:  You have a plea agreement in this

17 case.  Did you read the plea agreement?

18           THE DEFENDANT:  Yes, Your Honor.

19           THE COURT:  Did you discuss it with your

20 attorney?

21           THE DEFENDANT:  I did, Your Honor.

22           THE COURT:  And did you sign page 15?

23           THE DEFENDANT:  I signed it, Your Honor.

24 Page --

25           THE COURT:  Do you have it in front of you?
```

1          THE DEFENDANT:  15.  Yes, Your Honor.

2          THE COURT:  And did you personally initial each

3     page?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Did you initial it at as you were

6     reading it or did you go back and initial it?

7          THE DEFENDANT:  I don't remember that, Your

8     Honor.

9          THE COURT:  Okay.  Did you read each page?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  Did you ask questions of your

12     attorney?

13          THE DEFENDANT:  I certainly did, Your Honor.

14          THE COURT:  And do you feel that you understand

15     the terms and conditions of the plea agreement?

16          THE DEFENDANT:  I do, Your Honor.

17          THE COURT:  You understand that this plea

18     agreement is between you and the United States Attorney's

19     Office, that I'm not a party to the plea agreement?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  All right.  So you understand that

22     I'm not bound by any of the promises the government has

23     made to you?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Does this plea agreement contain all

1  the promises that the government has made to you and all

2  the promises you have made to the government?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Are there any verbal promises or

5  representations, understandings that you have with the

6  government that are not in writing?

7          THE DEFENDANT:  No, Your Honor.

8          THE COURT:  Count three is punishable by a

9  mandatory minimum term of imprisonment of 10 years up to

10  life imprisonment; a fine of $250,000; a term of

11  supervised release of at least five years and up to life;

12  and a special assessment of $100 which is due at the time

13  of sentencing.

14      The Court may also order you to make restitution to

15  the victim of your offense.

16      Have you discussed the sentencing procedures with

17  your attorney?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  All right.  So you're aware that the

20  Court will consider several factors in determining what

21  your sentence is including the nature and circumstances of

22  the offense, the history and characteristics of you as the

23  defendant, the need for the sentence imposed, the kinds of

24  sentences that are available, the advisory sentencing

25  guidelines, the need to avoid unwarranted sentencing

1  disparities as well as other factors.

2      THE DEFENDANT:  Yes, Your Honor.

3      THE COURT:  Have you discussed the advisory

4  sentencing guidelines with your attorney?

5      THE DEFENDANT:  Yes, Your Honor.

6      THE COURT:  All right.  So you're aware that the

7  sentencing guidelines require the Court to take into

8  account factors such as the actual conduct in which you

9  engaged, the victim of your offense, the role that you

10  played, whether or not you have engaged in any obstruction

11  of justice, and whether you've accepted responsibility for

12  your acts as well as other factors.

13      THE DEFENDANT:  Yes, Your Honor.

14      THE COURT:  Do you understand your criminal

15  history is an important factor in applying the sentencing

16  guidelines?

17      THE DEFENDANT:  Yes, Your Honor.

18      THE COURT:  Do you understand that the Court

19  will not be able to determine your advisory guidelines

20  range or your sentence until after a presentence report

21  has been prepared and you and the government have an

22  opportunity to challenge the facts reported by the

23  probation office?

24      THE DEFENDANT:  Yes, Your Honor.

25      THE COURT:  You further understand that it may

1  be necessary for the Court to resolve disputed facts or

2  other matters contained in the presentence report and that

3  could affect the guideline range to be applied to your

4  case?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  Do you understand at this point it's

7  unlikely that your attorney can be specific as to your

8  guideline range or as to your ultimate sentence because he

9  doesn't have all the necessary information since he's not

10 yet seen the presentence report?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Do you understand that you will not

13 be able to withdraw your plea of guilty if it turns out

14 that your lawyer's prediction as to your guideline range,

15 your criminal history or your ultimate sentence proves to

16 be inaccurate?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  All right.  So, in other words, if

19 you don't like the sentence that it looks like you're

20 going to get after reviewing the presentence report, that

21 does not permit you to withdraw your plea.

22         THE DEFENDANT:  I understand, Your Honor.

23         THE COURT:  Do you understand that after it's

24 been determined what the advisory guideline is in this

25 case that the judge has the authority to impose a sentence

1    that is more severe or less severe than that called for by

2    the guidelines?

3              THE DEFENDANT:  I understand, Your Honor.

4              THE COURT:  Do you understand that although the

5    statute under which you are charged sets forth the maximum

6    sentence and a minimum sentence, it is the sentencing

7    factors I have just mentioned which will be used to

8    determine what your actual sentence is.

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  Do you have any questions about the

11   sentencing procedures?

12             THE DEFENDANT:  No, Your Honor.

13             THE COURT:  Do you understand that under some

14   circumstances you or the government may have the right to

15   appeal any sentence I impose?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  On page 9 of your plea agreement

18   there's a provision that says number five, defendant's

19   waiver of right to appeal and right to collaterally

20   challenge the sentence.

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Did you discuss this provision with

23   your attorney?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  Do you understand that based on this

1   provision of your plea agreement that you're waiving your

2   right to appeal your sentence?

3          THE DEFENDANT:  Yes, Your Honor, I do.

4          THE COURT:  Based on this provision of your plea

5   agreement you're waiving your right to appeal your

6   sentence on any ground directly or collaterally except for

7   those that are specifically mentioned there on page 9

8   where it says except A, B and C.  Do you understand that?

9          THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  Do you have any questions about this

11  provision?

12         THE DEFENDANT:  No, Your Honor.

13         THE COURT:  Do you understand you can only be

14  released from this waiver if the government exercises its

15  right to appeal the sentence?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE COURT:  Do you make this waiver knowingly

18  and voluntarily?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  Do you understand that parole has

21  been abolished, that if you are sentenced to prison you

22  will not be released on parole.  You'll serve all or

23  almost all the prison term this Court imposes?

24         THE DEFENDANT:  Yes, Your Honor, I do.

25         THE COURT:  The Court will also impose a period

1   of supervised release to be served by you after your

2   release from confinement.

3        While on supervised release you will be under the

4   supervision of the federal court after getting out of

5   prison.  Supervised release is in addition to your prison

6   term.  The length of supervised release is set by the

7   Court at the time of sentencing.  For a violation of the

8   terms and conditions of the supervised release you could

9   be sent back to prison to serve the period of supervised

10  release even though you already served your original

11  sentence of incarceration.

12       Under some circumstances you could be denied federal

13  benefits, sex offender registration provisions will apply,

14  deportation is a possibility if you're not an American

15  citizen.

16       Are there any forfeiture issues in this case?

17            MR. PEREZ:  No, Your Honor.

18            THE COURT:  The Court may assess and require

19  that you pay the cost of imprisonment, the cost of

20  supervised release or the cost of any probation.

21       Counsel, have I neglected to explain any possible

22  penalties to the defendant?

23            MR. PEREZ:  No, Your Honor.

24            MR. SEIDEN:  No, Your Honor.

25            THE COURT:  Mr. Seiden, do you understand the

possible penalties that apply to you if you plead guilty?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You have the right to persist in your plea of not guilty. You do not have to plead guilty to this charge. You have the right to an attorney and the assistance of counsel at every stage in the proceeding. If necessary, an attorney will be appointed by the Court to represent you. You have the right to a trial by jury of 12 persons on the charges contained in this indictment. At such trial you would be presumed to be innocent. The government would be required to prove you guilty by competent evidence and beyond a reasonable doubt. You would not have to prove that you are innocent.

In the course of the trial you would have the right to confront and cross-examine the witnesses who testified against you. The witnesses for the government would come to court and testify in your presence. Your counsel will be able to cross-examine the witnesses for the government. You can object to and seek to exclude from consideration all or portions of the testimony of these witnesses. And you would be able to object to and seek to exclude from consideration other kinds of evidence offered by the government.

You have the right to compulsory process or subpoenas so that you can obtain witnesses and evidence to be

1 presented at the trial in your favor.

2     At a trial while you have right to testify if you

3 chose to do so, you would also have the right not to

4 testify and no inference or suggestion of guilt could be

5 drawn from the fact that you did not testify.

6     In other words, you have the privilege against

7 self-incrimination and the right to remain silent.

8     If you plead guilty and I accept your plea, do you

9 understand that you will waive your right to a trial and

10 the other rights I just discussed?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  There will be no trial.  I'll enter

13 a judgment of guilty and sentence you on the basis of your

14 guilty plea after considering the presentence report.

15     If you plead guilty you will also have to waive your

16 right not to incriminate yourself since I will ask

17 questions to satisfy myself that you are guilty as

18 charged.

19     If you enter a plea of guilty and waive the trial you

20 will also give up your right to appeal from the

21 adjudication of guilt.  That's the legal finding that you

22 are guilty.

23     You have been charged with a felony.  If you enter a

24 plea of guilty you will lose your civil rights including

25 but not limited to the right to vote, to keep and bear

1  firearms, to hold public office, and to serve on a jury.

2  Other rights may be lost such as certificates to engage in

3  certain types of employment, admission to certain types of

4  colleges and programs.

5      If you plead guilty the Court has the authority to

6  order you to make restitution to any victim of your

7  offense.

8      Do you have the plea agreement in front of you?

9         THE DEFENDANT:  Yes.

10        MR. SEIDEN:  Yes, we do, Your Honor.

11        THE COURT:  There's a factual statement that

12  starts on page 11 and goes through to page 14.  Have you

13  read those facts?

14        THE DEFENDANT:  Yes, Your Honor.

15        THE COURT:  Have you discussed this factual

16  recitation with your attorney?

17        THE DEFENDANT:  Yes, I have, Your Honor.

18        THE COURT:  Are these facts true?

19        THE DEFENDANT:  Yes, Your Honor.

20        THE COURT:  Is there anything in the factual

21  statement that you wish to change or correct?

22        THE DEFENDANT:  No, Your Honor.

23        THE COURT:  Mr. Perez, are these the facts that

24  the government would prove beyond a reasonable doubt?

25        MR. PEREZ:  Yes, Your Honor.

1          THE COURT:  Having heard the explanation of the

2     affect of a plea of guilty on your rights, do you still

3     wish to plead guilty as to count three?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Is there anything you want to tell

6     me or ask me or your attorney that bears on your decision

7     to plead guilty before we go any further?

8          THE DEFENDANT:  No, Your Honor.

9          THE COURT:  How do you plead?

10          THE DEFENDANT:  I plead guilty, Your Honor.

11          THE COURT:  Are you freely and voluntarily

12     entering a plea of guilty to count three?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  I'll accept your plea and determine

15     that the plea of guilty is knowingly, intelligently and

16     voluntarily made and not the result of force or threats or

17     promises except for those promises that are contained in

18     the plea agreement.

19     Sentencing is scheduled for November 16th at

20     9:00 a.m.

21     Is there anything further?

22          MR. SEIDEN:  Yes, Your Honor.  We would

23     respectfully request that he be allowed to remain free on

24     the same conditions of bond and the same restrictions

25     pending sentencing.

1       THE COURT:  This being a crime of violence, the

2   Court has no discretion in that matter, so he will be

3   remanded to the United States Marshal to await sentencing.

4       MR. SEIDEN:  May I present a brief argument in

5   regards to that?

6       THE COURT:  All right.

7       MR. SEIDEN:  Your Honor, when he was taken into

8   custody he appeared before a magistrate, and the

9   magistrate made certain findings.  I have the transcript

10  here.  May I briefly read an excerpt from it?

11      THE COURT:  Yes.

12      MR. SEIDEN:  Thank you, Your Honor.

13      This is the hearing of April 9th, 2010 before Judge

14  Stephen Brown, the United States Magistrate Judge.  And

15  after all the evidence was presented, Judge Brown said

16  that he's heard the argument of counsel on evidence before

17  the Court.  This is on page 20.  Danger to the community

18  must be based on clear and convincing evidence.  I am not

19  finding the defendant a danger to the community based on

20  clear and convincing evidence.  He goes on to say that

21  he's reaching his conclusion on several bases, that it

22  appears to have been an isolated incident, that there is

23  no evidence that the defendant engaged in other conduct

24  other than the singular incident, and he has no real

25  concern that the defendant will continue -- he's been a

1   model citizen, really, while on bond.

2       On the issue of risk of flight, on page 21, Judge

3   Brown says, I agree with the defense.  There's a ton of

4   conditions and provisions that can be placed -- be in

5   place to reasonably assure the defendant's appearance.

6       And then I would also ask the Court to take notice of

7   3143(b) which says that if the judicial officer finds by

8   clear and convincing evidence that the person is not

9   likely to flee or pose a danger to any other person or to

10  the community, that they may be allowed out on bond

11  pending sentencing.

12      Mr. Perez has no objection, to my understanding, to

13  him remaining free on those conditions of bond.

14          MR. PEREZ:  Your Honor, if I may be heard.

15      I have no objection if Mr. Seiden remains under the

16  same conditions up to the time of sentencing.  At

17  sentencing Mr. Seiden will be required to be taken into

18  custody by the U.S. Marshal Service.  I'm basing my no

19  objection position based on what Mr. Seiden stated --

20  Mr. -- I'm sorry -- Mr. Seiden, the attorney.  Mr. Seiden,

21  the defendant, was aware that these charges were coming,

22  didn't flee the jurisdiction, didn't flee Miami, and he

23  was arrested without incident.

24      And the position that I am taking today in regards as

25  far as the government is concerned, is no different than

1   any other similar case in which I have been personally

2   involved in the Middle District of Florida in that if a

3   defendant is granted bond at the time of initial

4   appearance and the defendant fully complies with those

5   conditions at the time of a plea, of the entering of a

6   guilty plea, if there is such a request by counsel by the

7   defendant, the government doesn't object based on the fact

8   that he had fully complied with the conditions.  But at

9   the time of sentencing, definitely the provision under

10  Title 18 section 3143 will definitely kick in with the

11  threat of flight and definitely the defendant must be

12  taken into custody.

13          THE COURT:  Well, the defendant has just pled

14  guilty to an extremely serious crime of violence with a

15  mandatory minimum of 10 years.  So I'm going to remand

16  him.

17          MR. SEIDEN:  May I ask that he be given a one

18  week stay --

19          THE COURT:  No.

20          MR. SEIDEN:  -- so he can get his affairs in

21  order?

22          THE COURT:  I don't think I have the discretion

23  to do anything but remand him, so that's what I'm going to

24  do.

25              (hearing concludes -- 9:32 a.m.)

1          C E R T I F I C A T E

2          I certify that the foregoing is a correct

3    transcript from the record of proceedings in the

4    above-entitled matter.

5

6    s\Sandra K. Tremel     August 18, 2010

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25